**Rajpal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71911.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Roman & Singh, Jackson Heights, NY, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

## MEMORANDUM**

Rajpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's factual determination that Singh did not qualify for an exception to the one-year deadline for filing his asylum application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005).

We have jurisdiction over Singh's remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Malhi v. INS,* 336 F.3d 989, 992 (9th Cir. 2003).

▇ Substantial evidence supports the IJ's and BIA's denial of Singh's withholding of removal claim because his asylum application omitted his claim that he was persecuted for being a member of Akali Dal Mann and was inconsistent with his testimony. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004). In addition, Singh's testimony was internally inconsistent regarding his father's arrests for political activism, which go to the heart of his claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, his withholding of removal claim fails.

Singh failed to raise his CAT claim in his opening brief, and therefore waived the claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**